| | |
|---|---|
| 1 | **FAEGRE BAKER DANIELS LLP**<br>Howard D. Ruddell (Bar No. 281510)<br>*howard.ruddell@faegrebd.com*<br>11766 Wilshire Blvd., Suite 750<br>Los Angeles, California 90025<br>Telephone: +1.310.500.2090<br>Facsimile: +1.310.500.2091 |

Attorneys for Defendant,
U.S. BANK NATIONAL ASSOCIATION

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIN ROUNDS,<br><br>           Plaintiff,<br><br>v.<br><br>U.S. BANK, N.A., and DOES 1 through 10,<br><br>           Defendant. | Case No. **'18CV0439 BEN JLB**<br><br>[San Diego County Superior Court Case No. 37-2017-00049443-CU-NP-CTL]<br><br>**DEFENDANT U.S. BANK NATIONAL ASSOCIATION'S NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA UNDER 28 U.S.C. § 1441(a), 28 U.S.C. § 1331 (FEDERAL QUESTION) AND 28 U.S.C. § 1367(a) (SUPPLEMENTAL JURISDICTION)**<br><br>Complaint Filed:   December 21, 2017 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE THAT** Defendant U.S. Bank National Association, ("U.S. Bank"), hereby invokes this Court's jurisdiction under the provision of 28 U.S.C. § 1441(a), 28 U.S.C. § 1331 and 28 U.S.C. § 1367(a), and removes this action from state court to federal court pursuant to 28 U.S.C. § 1446(b).

**A.   JURISDICTION**

1. U.S. Bank specifically alleges that this Court has federal question jurisdiction over this action pursuant to 28 U.S.C. §§ 1441(a) and § 1331 because Plaintiff Erin Rounds ("Plaintiff") alleges a cause of action arising under the federal Telephone Consumer Protection Act ("TCPA"), codified at 47 U.S.C. § 227, *et seq*. Further, the Court has supplemental jurisdiction over the state law cause of action alleged in the Complaint pursuant to 28 U.S.C. § 1367(a).

**B.   STATEMENT OF THE CASE**

2. On December 21, 2017, Plaintiff filed a Complaint and Jury Demand ("Complaint") in the Superior Court, San Diego County, State of California, designated as Case No. 37-2017-00049443-CU-NP-CTL (the "Action"). Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon U.S. Bank in the Action are attached hereto as *Exhibit A*.

3. Plaintiff asserts two (2) causes of action in her Complaint against U.S. Bank. Those causes of action include: (1) Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), codified at Cal. Civ. Code § 1788.1, *et seq*.; and (2) negligent violation of the TCPA.

**C.   BASIS FOR REMOVAL**

4. This Court has jurisdiction over this Action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1441(a) because Plaintiff alleges claims arising under the TCPA, which is a law of the United States.

5. Specifically, for example, Plaintiff's Complaint alleges that U.S. Bank used an "automatic telephone dialing system" to place calls to Plaintiff's cellular telephone in violation of the TCPA. Compl., ¶¶ 14-16. Therefore, adjudication of Plaintiff's Complaint requires an analysis and construction of federal law, and this Action may be removed to this Court pursuant to 28 U.S.C. § 1441(a) and § 1331 because this Court would have had original jurisdiction founded on Plaintiff's claim arising under the TCPA.

6. Additionally, this Court has supplemental jurisdiction over the remaining state law claim, because it "form[s] part of the same case or controversy." 28 U.S.C. § 1367(a). A state claim is part of the same case or controversy if it shares a "common nucleus of operative fact" with the federal claim, and if they would normally be tried together. See, e.g., *Trustees of the Constr. Indus. & Laborers Health & Welfare Trust v. Desert Valley Landscape Maint., Inc.*, 333 F. 3d 923, 925 (9th Cir. 2003). The facts related to Plaintiff's state law claim under the RFDCPA are intertwined with and based upon her allegations of wrongdoing under the federal TCPA claim in that both claims are based on allegedly unlawful calls by U.S. Bank to Plaintiff. The Court should therefore extend supplemental jurisdiction over Plaintiff's state law claim.

**C.   ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED.**

7. Removal of this action is timely. U.S. Bank was served with a copy of the Summons and Complaint in this action on January 25, 2018. Therefore, this Notice of Removal is "filed within thirty [30] days after receipt by the defendant…of a copy of [Plaintiff's Summons and Complaint]" in accordance with the time period mandated by 28 U.S.C. § 1446(b).

8. U.S. Bank is the only named Defendant in the action and therefore no consent of additional parties is required.

9. Venue lies in the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1441(a) because the Action was filed in this District.

10. As stated above, pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings and orders received by U.S. Bank from Plaintiff in this Action are attached hereto as *Exhibit A*.

11. Written notice of the filing of this Notice of Removal will be promptly served upon Plaintiff. U.S. Bank will also promptly file a copy of this Notice with the Clerk of the Superior Court of California, County of San Diego.

**WHEREFORE**, Defendant U.S. Bank gives notice that the Action is removed to the United States District Court for the Southern District of California

DATED:  February 26, 2018          **FAEGRE BAKER DANIELS LLP**


By: /s/ *Howard D. Ruddell*
    Howard D. Ruddell
    Attorneys for Defendant
    U.S. BANK NATIONAL ASSOCIATION

# CERTIFICATE OF SERVICE

I, Lorena Lazheztter, declare:

I am a citizen of the United States and employed in the offices of Faegre Baker Daniels LLP. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 11766 Wilshire Boulevard, Suite 750, Los Angeles, CA 90025. On February 26, 2018, I served a copy of the within document:

**DEFENDANT U.S. BANK NATIONAL ASSOCIATION'S NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA UNDER 28 U.S.C. § 1441(a), 28 U.S.C. § 1331 (FEDERAL QUESTION) AND 28 U.S.C. § 1367 (a) (SUPPLEMENTAL JURISDICTION)**

[X]  by transmitting the document(s) listed above to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

| | |
|---|---|
| L. Paul. Mankin<br>The Law Offices of L. Paul Mankin<br>4655 Cass Street, Suite 112<br>San Diego, CA 92109<br>E-mail: pmankin@paulmankin.com | Attorney for Plaintiff ERIN ROUNDS |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on February 26, 2018, at Los Angeles, California.

_____
Lorena Lazheztter